UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Case No. 08-45283

TONY McKENZIE,                                      Chapter 7

        Debtor.                                 Judge Thomas J. Tucker

_____/

**MEMORANDUM SUPPLEMENTING THE COURT'S BENCH OPINION
OF MAY 21, 2008 REGARDING LAWYERS TITLE INSURANCE CORPORATION'S
MOTION TO MODIFY AUTOMATIC STAY (DOCKET # 17)**

      This case came before the Court for a hearing on May 21, 2008 on "Lawyers Title Insurance Corporation's Motion to Modify Automatic Stay Pursuant to 11 U.S.C. § 362(d)," filed on April 17, 2008 (Docket # 17). The Court is granting the motion, by separate order to be entered this date, for the reasons explained in the Court's bench opinion given during the May 21, 2008 hearing. During that bench opinion, the Court stated that it may file a supplement to the bench opinion, citing certain case law authority. Accordingly, the Court now supplements its May 21, 2008 bench opinion with citation to the following authorities:

*Vogel v. Kalita* (*In re Kalita*), 202 B.R. 889, 907-08 (Bankr. W.D. Mich. 1996)(holding that a "true default judgment" entered in a Michigan state court case (*i.e.,* a judgment entered where the defendant did not file an answer to the complaint or otherwise defend) does not satisfy the "actually litigated" requirement of collateral estoppel and thus cannot have preclusive effect in a subsequent action in a federal bankruptcy court)

*Universal Underwriters Group, v. Allen* (*In re Allen*), 243 B.R. 683, 684-85, 687-88 (Bankr. E.D. Mich. 1999)(following *Kalita* and holding that a state court default judgment entered against the debtor prepetition was a "true default judgment" because the debtor did not answer the complaint, and thus it was not entitled to collateral estoppel effect)

*Building Communications, Inc. v. Rahaim* (*In re Rahaim*), 324 B.R. 29, 37 (Bankr. E.D. Mich. 2005)(relying on *Kalita* and stating that under Michigan law, "where the default judgment is a 'true default judgment,' a judgment entered solely because the defendant failed to file an answer or to take any steps to defend the action, such a judgment is not given preclusive effect")

**Signed on May 21, 2008**

                                                                             /s/ Thomas J. Tucker
                                                                             **Thomas J. Tucker**
                                                                             **United States Bankruptcy Judge**